**FILED**
JAMES J. VILT, JR. - CLERK

APR 02 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**DR. KIMBERLY JOHNSON, Plaintiff, Pro Se**

v. Civil Action No. 3:25CV-185-DJH

**JEFFERSON COUNTY PUBLIC SCHOOLS (JCPS); DR. MARTY POLLIO, in his official and individual capacities; JAMES "JIMMY" ADAMS, in his formal role's official and individual capacities; CHARITA KIMBROUGH, in her official and individual capacities; KIM CHEVALIER, in her official and individual capacities; KATHERINE STOLTZ, in her official and individual capacities; LATONYA ROLLERSON, in her official and individual capacities; AND JOHN/JANE DOES**

**Defendants.**

---

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

### JURY TRIAL DEMANDED

_See Exhibits #1 - #21_

Plaintiff brings this motion in good faith and under substantial legal precedent. No part of this action is frivolous, vexatious, or intended to harass.

### PRELIMINARY STATEMENT

At all times relevant to the events and incidents described herein, Dr. Kimberly Johnson was a tenured educator within Jefferson County Public Schools, with a constitutionally protected property interest.

While EPSB is not named as a defendant in this action, Plaintiff currently has a separate pending federal lawsuit against EPSB and its officials under Section 1983. That case is pending a final agency decision. In the present action, Plaintiff seeks to prevent JCPS from providing or facilitating the use of materials arising from the coerced settlement agreement—including evidence, records, or witnesses—for any EPSB-related administrative proceedings. This request is limited to JCPS's conduct and does not seek direct injunctive relief against EPSB in this matter.

This civil rights action is brought under 42 U.S.C. §§ 1983 and 1985 against Jefferson County Public Schools (JCPS), a state actor that violated Plaintiff's constitutional rights. Plaintiff

reserves the right to amend this Complaint pursuant to Fed. R. Civ. P. 15 to add additional individual or institutional defendants, including those affiliated with the Kentucky Education Professional Standards Board (EPSB), as discovery proceeds or further facts come to light.

This case does not involve a single miscarriage of justice, but rather a sustained pattern of constitutional violations and institutional misconduct — each compounding the last, without pause or remedy. Dr. Kimbelry Johnson has been denied not only due process, but the basic human dignity to grieve each loss before another was inflicted. The cumulative impact has caused profound psychological and emotional harm, the kind that no policy revision or superficial remedy can fix. The persistent "hemorrhaging" of her wellbeing is not metaphorical — it is the direct result of unchecked abuse of power. The only way to restore justice is to address the systemic roots: to hold accountable the individuals and agencies that have perpetuated this harm, and to put an end to the institutional gamesmanship that treats human lives as expendable.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this judicial district.

## PARTIES

(As previously listed, to be expanded with specific factual allegations.)

## FACTUAL BACKGROUND AND STATEMENT OF CLAIMS

Plaintiff incorporates by reference all allegations contained in the attached Exhibit A (Master Timeline of Incidents and Violations). For clarity and judicial efficiency, Plaintiff enumerates factual violations and legal claims under the following sections:

## COUNTS

**Count I: Violation of Procedural Due Process Rights (42 U.S.C. § 1983)**

Plaintiff was denied meaningful notice and an opportunity to be heard throughout disciplinary and administrative processes conducted by JCPS, violating her Fourteenth Amendment procedural due process rights. JCPS issued multiple adverse employment actions—including E2 evaluations and demotion—without hearings or access to evidence. JCPS provided misleading documentation and failed to allow rebuttal or fair appeal. Moreover, Plaintiff was a tenured educator under Kentucky law and JCPS policy, which created a constitutionally protected property interest in continued employment. JCPS failed to follow the procedural safeguards associated with the deprivation of her tenured status. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985).

### Count II: Violation of Substantive Due Process Rights (42 U.S.C. § 1983)
JCPS's conduct, including falsifying records, misrepresenting findings, and collaborating with external agencies to damage Plaintiff's reputation and licensure, constituted arbitrary and conscience-shocking government action. Such conduct deprived Plaintiff of her liberty and property interests in her career. In particular, Plaintiff's tenure as a school counselor provided her with a substantive expectation of continued employment, which was extinguished through illegitimate means. The removal and permanent reclassification of her employment status without just cause and due process constituted a violation of her fundamental rights. See *County of Sacramento v. Lewis*, 523 U.S. 833, 846-49 (1998).

### Count III: Violation of First Amendment Rights – Retaliation (42 U.S.C. § 1983)
Plaintiff engaged in protected speech by reporting racial microaggressions, discrimination, special education violations, and safety concerns. In retaliation, Defendants demoted her, isolated her professionally, and coordinated false allegations. This violated her First Amendment rights. See *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).

### Count IV: Violation of Equal Protection (42 U.S.C. § 1983)
Plaintiff, as a Black woman, was treated differently from similarly situated white employees. She was disproportionately disciplined, denied promotions, and falsely accused. The Equal Protection Clause prohibits such racial discrimination by public officials. See *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977).

### Count V: Civil Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)
Defendants conspired across agencies (JCPS and EPSB) to retaliate against Plaintiff and deprive her of equal protection. This included false charges, pressure tactics, and coordination of evidence to support fraudulent licensure action. See *Griffin v. Breckenridge*, 403 U.S. 88 (1971).

### Count VI: Constructive Discharge and Hostile Work Environment
Plaintiff was forced out of her position under extreme conditions, including demotion, loss of office, fabricated evaluations, and public ridicule. A reasonable person would find such conditions intolerable. See *Pennsylvania State Police v. Suders*, 542 U.S. 129 (2004).

### Count VII: Abuse of Process
Defendants misused disciplinary proceedings to achieve ends outside the legal scope of

employment discipline. The misuse of process to force Plaintiff into a coercive settlement and retaliate via EPSB constitutes tortious abuse of process. See *Heath v. Cast*, 813 F.2d 254 (9th Cir. 1987).

### Count VIII: Fraudulent Inducement and Duress (re: Settlement Agreement)
Plaintiff was misled into executing the 2022 settlement under threat of professional harm, without knowledge of EPSB's use of the settlement or biased proceedings. Settlement agreements obtained by fraud or duress are voidable. See *Peterson v. Wilmur Commc'ns, Inc.*, 205 F. Supp. 2d 1014 (E.D. Wis. 2002).

### Count IX: Breach of Contract (alternative to rescission)
If the agreement is not rescinded, JCPS's actions—refusing to promote Plaintiff, using false documents, failing to correct personnel files—constitute material breach. Plaintiff fulfilled her obligations while JCPS failed. See *Restatement (Second) of Contracts § 235* (1981).

### Count X: Declaratory Judgment and Equitable Relief
Plaintiff seeks declaratory relief to invalidate the tainted settlement and injunctive relief to bar further retaliation or licensure harm. This court has jurisdiction under 28 U.S.C. §§ 2201 and 2202. See *Steffel v. Thompson*, 415 U.S. 452 (1974).

### Count XI: Rescission of Settlement Agreement Based on Fraud, Duress, and Illegality
The settlement must be rescinded due to coercion, misrepresentation, and illegal conduct by state actors. Plaintiff was denied full information and pressured under threat. Equity demands restoration to pre-agreement status. See *Fleming v. U.S. Postal Serv. AMF O'Hare*, 27 F.3d 259 (7th Cir. 1994).

### Count XII: Reinstatement of Title VII Claims Upon Rescission
Upon rescission, Plaintiff's Title VII claims for discrimination and retaliation must be reinstated for jury trial. Coerced settlement foreclosed her statutory rights. See *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974).

### Count XIII: Intentional Infliction of Emotional Distress
Defendants' conduct was extreme, outrageous, and intentionally or recklessly designed to cause Plaintiff severe emotional harm. This included, but was not limited to:

- Falsifying official reports and documents submitted to the EPSB;
- Repeatedly subjecting Plaintiff to unfounded investigations and coerced grievance meetings;
- Circulating defamatory information and tampered OCR materials in retaliation for her protected complaints;
- Retaliating against Plaintiff for reporting civil rights violations and systemic abuse of students, including those involving seclusion and improper restraint;
- Leaving knowingly false and stigmatizing statements in Plaintiff's personnel record, available through open records requests, and refusing to correct those falsehoods even after internal and external complaints;

- Engaging in repeated acts of institutional gaslighting, withholding due process, and denying Plaintiff the opportunity to clear her name.

This sustained course of conduct caused Plaintiff to suffer from prolonged emotional and psychological distress, social isolation, humiliation, loss of professional standing, and health-related symptoms. The conduct alleged exceeds the bounds of decency in a civilized society and supports liability under Kentucky and federal law. See *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984).

### Count XIV: Defamation, False Light, and Invasion of Privacy

Defendants published and maintained knowingly false and damaging information about Plaintiff in official reports, grievance records, and internal memoranda, including but not limited to:

- The March 2, 2020 Superintendent's report falsely claiming Plaintiff returned a razor to a student and failed to perform duties tied to SCM training;
- The September 4, 2020 504-plan reprimand, which failed to acknowledge Plaintiff's lack of training and lack of access to student medical documentation;
- Tampered and selectively redacted OCR complaint emails submitted to the EEOC, which misrepresented Plaintiff's actual concerns and language;
- Public personnel files that remained uncorrected despite documentary rebuttals and requests for revision;
- Use of such falsified reports and false statements in administrative, legal, and employment contexts, thereby further harming Plaintiff's reputation.

These publications placed Plaintiff in a false light and were made with actual malice or reckless disregard for the truth, intending to damage her professional and personal reputation. As a direct result, Plaintiff has suffered reputational harm, loss of employment opportunity, and significant emotional pain. See *McCall v. Courier-Journal & Louisville Times Co.*, 623 S.W.2d 882 (Ky. 1981); *Restatement (Second) of Torts §§ 652A–652E*.

### Count XV: Negligent Supervision and Failure to Protect

Defendants, as supervisors and policymakers within JCPS, owed Plaintiff a duty of care to provide a safe, non-hostile work environment free from retaliation, intimidation, and harassment.

Despite repeated red flags and formal reports made by Plaintiff, including:

- Her disclosure of safety threats (e.g., the parent incident in late 2018);
- Reports of abuse and misconduct by colleagues and administrators;
- Ongoing retaliation after her OCR and EEOC complaints;

JCPS and its administrators knowingly failed to intervene or act in good faith to protect Plaintiff from harm. Instead, they escalated her vulnerability by exposing her confidential complaints, misusing grievance mechanisms against her, and ignoring abusive tactics by peers and superiors.

This negligent supervision enabled continued psychological, professional, and reputational harm and was a proximate cause of Plaintiff's injuries. See *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018); *Yunker v. Honeywell, Inc.*, 496 N.W.2d 419 (Minn. Ct. App. 1993) (re workplace).

**Count XVI: Abuse of Administrative Authority / Arbitrary and Capricious Conduct**
Defendants, acting under color of state law, misused their positions to carry out arbitrary and capricious disciplinary actions against Plaintiff, including:

- Withholding Plaintiff's rebuttals;
- Issuing false reports (March 2, 2020; Sept. 4, 2020) despite direct knowledge of their inaccuracy;
- Circulating altered OCR records to external agencies (EEOC);
- Initiating or supporting personnel actions based on falsified records and denying access to correction procedures.

The above conduct was not supported by legitimate government interest and was grossly disproportionate to any claimed rationale. It violated basic principles of administrative fairness, due process, and equal protection.

This systemic pattern of bad faith decision-making constitutes unlawful abuse of administrative power. See *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Capua v. City of Plainfield*, 643 F. Supp. 1507 (D.N.J. 1986).

**Count XVII: Violation of the Kentucky Open Records Act and Privacy Rights**
Defendants improperly disclosed and maintained false and stigmatizing records about Plaintiff in violation of her privacy rights and in disregard of applicable record-keeping standards under the Kentucky Open Records Act (KRS 61.870 et seq.) and potential FERPA implications, where student-related records intersected.

Specific violations include:

- Public release of OCR-related communications under pretense of transparency, which exposed Plaintiff's protected activity;
- Refusal to remove or amend personnel records despite compelling evidence of falsity;
- Submission of fabricated or altered records to the EEOC and potential other state agencies.

This conduct subjected Plaintiff to reputational harm and ongoing interference with future employment and licensure prospects, constituting both a statutory and constitutional violation of informational privacy.

## KDE, EPSB AND JCPS CONSPIRACY AND COORDINATION

Plaintiff alleges that KDE, EPSB and JCPS acted in concert, exchanged false information, and used their administrative powers to further retaliate against her. This includes shared witnesses, coordinated procedural irregularities, misrepresentations during legal proceedings, and deliberate suppression of Plaintiff's rebuttals to accusations. The misconduct spans both employer and licensing authority actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Rescind the 2022 JCPS settlement agreement in its entirety;

B. Declare that any parts of the agreement that cannot be rescinded are void due to breach of contract, fraud, or duress;

C. Enjoin EPSB and any state agencies from using, referencing, or admitting any evidence, witnesses, or facts arising from the lawsuit and coerced settlement agreement in any pending or future proceeding;

D. Immediately require JCPS to correct, expunge, and amend Plaintiff's personnel file and internal records;

E. Award Plaintiff full back pay and future salary and benefits through her expected retirement as if she had continued employment as a school counselor;

F. Award compensatory and punitive damages for emotional distress, reputational harm, and loss of professional opportunity, including but not limited to the psychological harm, defamation, negligent supervision, and hostile work environment detailed further in subparagraphs M through O.

G. Grant emergency injunctive relief to halt the current EPSB action or hearing tied to the aforementioned violations;

H. Reopen Plaintiff's original Title VII claims that were wrongfully foreclosed by the settlement agreement and permit those claims to proceed to trial by jury;

I. Declare that Plaintiff is not required to return any monies received under the rescinded agreement;

J. Permit Plaintiff to amend this Complaint to add individual defendants following discovery;

K. Award reasonable attorneys' fees and litigation costs should Plaintiff retain counsel;

L. Grant such other relief as the Court may deem just and proper.

M. Award compensatory damages for severe emotional distress, anxiety, loss of sleep, and psychological harm resulting from the intentional infliction of emotional distress by Defendants.

N. Award compensatory and punitive damages for reputational harm, false light portrayal, and defamation caused by the circulation and maintenance of knowingly false records and statements about Plaintiff.

O. Declare that Defendants' failure to intervene, investigate, or protect Plaintiff from harassment and retaliation constitutes negligent supervision, and award appropriate damages for the resulting harm and loss of professional standing.

P. Declare that Defendants engaged in arbitrary, capricious, and bad faith conduct in administering discipline and retaliation, and issue injunctive relief requiring JCPS to revise all related policies, procedures, and training on due process, personnel recordkeeping, and administrative hearings.

Q. Order the permanent removal, correction, or sealing of any public or internal JCPS and EPSB records that contain false, defamatory, or misleading information about Plaintiff, including but not limited to the March 2, 2020 and September 4, 2020 superintendent reports and any OCR/EEOC-related submissions involving altered communications.

R. Award damages under state and federal law for the unlawful disclosure, publication, and mishandling of Plaintiff's confidential records and protected complaints, in violation of privacy rights and applicable open records law.

Respectfully submitted,

Dr. Kimberly Johnson, Plaintiff, Pro Se
4211 Marseille Drive
Louisville, KY 40272
(502)403-6229
kimberlymuckerjohnson@gmail.com