# Exhibit 12: JCPS OCR Agreed Order

From: **Wesley, Michael** Michael.Wesley@ed.gov
Subject: **OCR Complaint #03-19-1245 - Jefferson County PS - Notice of Resolution**
Date: Jul 31, 2020 at 3:26:30 PM
To: **Kimberly Mucker-Johnson** kimberlymuckerjohnson@gmail.com

Dr. Johnson:

Please find the attached letter informing you of the resolution of this complaint. Also attached is a copy of the signed agreement that the District entered into to resolve the complaint.

Thank you for bringing this matter to our attention.

Regards,

**Michael J. Wesley**
**Equal Opportunity Specialist**
**U.S. Department of Education**
**Office for Civil Rights**
**The Wanamaker Building - Suite 515**
**100 Penn Square East**
**Philadelphia, PA  19107**
**Direct Phone: (215) 656-6908**
**Office Fax: (215) 656-8605**


OCR-#315...nty_PS.PDF
267 KB


OCR-#315...nty_PS.PDF
212 KB





UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

THE WANAMAKER BUILDING, SUITE 515
100 PENN SQUARE EAST
PHILADELPHIA, PA 19107-3323

REGION III
DELAWARE
KENTUCKY
MARYLAND
PENNSYLVANIA
WEST VIRGINIA

**July 31, 2020**

*Via E-mail only:* kimberlymuckerjohnson@gmail.com

Dr. Kimberly Johnson
4211 Marseille Drive
Louisville, KY 40272

                                    Re:    OCR Complaint No. 03-19-1245

Dear Dr. Johnson:

This is to advise you of the outcome of the above-referenced complaint you filed with the Office for Civil Rights (OCR) of the U.S. Department of Education (the Department), against the Jefferson County Public Schools (the District) alleging discrimination on the basis of disability at the Maupin Elementary School (the School). Specifically, you alleged that:

1. The District is discriminating against students at the School on the basis of disability by denying them a free and appropriate public education during the 2018-19 school year in the following ways:
    a. Failing to implement the individualized plans of several students with disabilities;
    b. Failing to provide parents with notice of Section 504 team meetings; and
    c. Failing to identify and evaluate students with disabilities.

OCR enforces Section 504 of the Rehabilitation Act of 1973 (Section 504) and its implementing regulation at 34 C.F.R. Part 104, which prohibit discrimination on the basis of disability in programs and activities that receive Federal financial assistance from the Department. OCR also enforces Title II of the Americans with Disabilities Act of 1990 (Title II) and its implementing regulation at 28 C.F.R. Part 35, which prohibit discrimination against qualified individuals with disabilities by public entities, including public education systems and institutions, regardless of whether they receive Federal financial assistance from the Department. Because the District receives Federal financial assistance from the Department and is a public entity, OCR has jurisdiction over it pursuant to Section 504, Title II, and their implementing regulations.

Hereinafter, you will be referred to as "the Complainant".

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

www.ed.gov



Page 2 – OCR Complaint No. 03-19-1245
Dr. Kimberly Johnson

**Legal Standards**

<u>Free appropriate public education</u>

The Section 504 regulation, at 34 C.F.R. § 104.33, requires school districts to provide a FAPE to students with disabilities. An appropriate education is regular or special education and related aids and services that are designed to meet the individual educational needs of students with disabilities as adequately as the needs of students without disabilities are met and that are developed in compliance with Section 504's procedural requirements. Implementation of an Individualized Education Program (IEP) developed in accordance with the Individuals with Disabilities Education Act is one means of meeting this standard. OCR interprets the Title II regulation, at 28 C.F.R. §§ 35.103(a) and 35.130(b)(1)(ii) and (iii), to require school districts to provide FAPE to the same extent required under the Section 504 regulation.

<u>Notice</u>

The Section 504 regulation, at 34 C.F.R. § 104.36, requires that school districts establish and implement, with respect to actions regarding the identification, evaluation, or educational placement of students with disabilities, a system of procedural safeguards that includes notice, an opportunity for parents to examine relevant records, an impartial hearing with an opportunity for participation by parents and representation by counsel, and a review procedure. Section 504 requires districts to provide notice to parents explaining any evaluation and placement decisions affecting their children and explaining the parents' right to review educational records and appeal any decision regarding evaluation and placement through an impartial hearing.

<u>Obligation to Evaluate Students Suspected of Having a Disability</u>

The Section 504 regulation, at 34 C.F.R. § 104.35(a), requires a school district to evaluate any student who needs or is believed to need special education or related services due to a disability. A district must conduct an evaluation before initially placing the student in regular or special education and before any subsequent significant change in placement.

**Investigation to Date and Conclusion**

In support of the OCR complaint, the Complainant provided information to OCR about students who allegedly did not receive services due to the extended absence of a self-contained classroom teacher in October of 2018, and later, when the teacher was removed from the School for the remainder of the year and the covering substitute teacher did not have access to the students' Section 504 plans or Individualized Education Programs (IEPs). The Complainant also claimed that:
- Several students had not been provided the amount of therapeutic services they were entitled to receive from a third-party provider;
- Some parents allegedly did not receive timely notice of IEP meetings;
- Repeated requests to evaluate a student for speech services were ignored; and



Page 3 – OCR Complaint No. 03-19-1245
Dr. Kimberly Johnson

- Some students' behavioral intervention plans were not followed.

The District provided information regarding the complaint allegations to OCR. The information provided by the District confirmed the Complainant's assertion that the teacher of the self-contained classroom was absent for an extended period of time. According to the teacher's attendance report, he was absent a total of 33 days between August 15, 2018 and September 28, 2018. Twenty-eight of those 33 days were covered by a substitute teacher. No substitute was available for a total of five of the 33 days.

The information provided by the District also confirmed that students were found eligible to receive compensatory education for the five days during which no substitute teacher was available in the self-contained classroom. Five of the student files reviewed by OCR had documentation indicating that the students were offered compensatory education due to the teacher's absences. Three of the five parents declined the compensatory education offered (the specific reason was not indicated).

OCR's review of students' files revealed the following:
- ARC meeting minutes from March 2019 indicate that the parent of one of the students in the self-contained classroom raised concerns about the number of special education teacher absences and whether or not the substitute teacher who covered for the teacher is a certified special education teacher.
- Section 504 conference summary notes from March 2019 show that the parents of another student voiced concern that their child's accommodation plan was not being met.

Under OCR procedures, a complaint may be resolved before the conclusion of an investigation if a recipient asks to resolve the complaint by signing a voluntary resolution agreement. The provisions of the agreement must be aligned with the complaint allegations and the issues investigated and be consistent with applicable regulations. Such a request does not constitute an admission of liability on the part of a recipient, nor does it constitute a determination by OCR of any violation of our regulations. Consistent with OCR's procedures, the District requested to resolve the complaint through a voluntary resolution agreement. The District signed the enclosed Resolution Agreement on July 29, 2020 which, when fully implemented, will resolve this complaint. Accordingly, OCR is concluding its investigation of this complaint. A copy of the signed Agreement is enclosed. As is our standard practice, OCR will monitor the District's implementation of the Agreement.

This concludes OCR's investigation of the complaint. This letter should not be interpreted to address the District's compliance with any other regulatory provision or to address any issues other than those addressed in this letter. This letter sets forth OCR's determination in an individual OCR case. This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public. The Complainant may have the right to file a private suit in federal court whether or not OCR finds a violation.



Page 4 – OCR Complaint No. 03-19-1245
Dr. Kimberly Johnson

Please be advised that the District must not harass, coerce, intimidate, discriminate, or otherwise retaliate against an individual because that individual asserts a right or privilege under a law enforced by OCR or files a complaint, testifies, or participates in an OCR proceeding. If this happens, the individual may file a retaliation complaint with OCR.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. If OCR receives such a request, we will seek to protect personally identifiable information that could reasonably be expected to constitute an unwarranted invasion of personal privacy if released, to the extent provided by law.

Thank you for bringing this matter to our attention. If you have any questions, please contact Michael Wesley, the OCR investigator assigned to this complaint, at 215-656-6908 or michael.wesley@ed.gov.

Sincerely,

*Melissa M. Corbin*

Melissa M. Corbin
Team Leader
Philadelphia Office

Enclosure



# RESOLUTION AGREEMENT
## Jefferson County Public Schools
## OCR Case No. 03-19-1245

The U.S. Department Education, Office for Civil Rights (OCR) and Jefferson County Public Schools (the District) enter into this Voluntary Resolution Agreement (Agreement) to resolve the above-referenced complaint. This Agreement does not constitute an admission of liability, non-compliance, or wrongdoing by the District.

The District assures OCR that it will take the following actions to ensure that it complies with the requirements of Section 504 of the Rehabilitation Act of 1973 (Section 504), as amended, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. Part 104, and Title II of the Americans with Disabilities Act of 1990 (Title II), 42 U.S.C. Sections 12131 et seq., and its implementing regulation at 28 C.F.R. Part 35, which prohibit discrimination on the basis of disability by recipients of Federal financial assistance and public entities, respectively.

Prior to the completion of OCR's investigation, the District agreed to resolve the issues presented in this complaint pursuant to Section 302 of OCR's Case Processing Manual. Accordingly, to resolve the issues under investigation, the District agrees to take the actions outlined below.

## ACTION STEPS

### Memorandum to School Administrators and Staff

1. The District recognizes its obligation under the regulation implementing Section 504, at 34 C.F.R. § 104.33, to provide a free appropriate public education (FAPE) to each qualified student with a disability in its jurisdiction. In addition, the District recognizes its obligations under Section 504, at 34 C.F.R. § 104.33, to fully implement Section 504 Plans and Individualized Education Programs (IEPs) for students with disabilities.

   Within 15 calendar days of the beginning of the 2020-2021 school year, the District will disseminate a memorandum (this memorandum can be sent electronically) to administrators, teachers and other personnel who provide instruction to students at the Maupin Elementary School (School), reminding them of their obligation to: (1) provide a FAPE to each qualified student with a disability and specifically, implement the provisions in students' Section 504 Plans and IEPs; (2) ensure that parents/guardians are given timely and written notice of Section 504 and IEP meetings; and (3) conduct special education and Section 504 evaluations and make placement determinations in an appropriate and timely manner and in accordance with the procedural requirements of Section 504 at §§ 104.35 and 104.36.

   Reporting Requirement: Within fifteen (15) days of sending the memo to administrators, teachers and other personnel in the School who provide instruction to students, the District



Page 2 – OCR Complaint No. 03-19-1245
Jefferson County Public Schools

will provide OCR with a copy of the memo and proof that it was distributed along with a list of recipients, by name or title.

### Review of Teacher Attendance Records and Lapse in Educational Services, If Any

2. Within 90 work days of the beginning of the 2020-2021 school year, the District will conduct a review of absentee reports for special education teachers at the School from October 1, 2018 through the end of the 2018-19 school year to determine the number of days when a special education teacher was absent and the School was unable to secure an appropriately certified substitute teacher as determined by Kentucky statute to provide special education services. For each day identified by the review, the District will identify the special education student(s) who did not benefit from appropriate substitute teacher coverage.

   **Reporting Requirement:** Within 14 days of completing Action Step 2, the District will provide OCR with a narrative summary of the review and include supporting information.

3. Within 90 days from the first day of the 2020-2021 school year of the completion of Action Step 2, the District will, for each special education student identified in Action Step 2, convene an Admissions and Release Committee (ARC), including the student's parent/guardian, to determine whether the student suffered an educational loss due to the District's failure to provide appropriate regular and/or special education or related aid and services to the student (FAPE) due to a lack of substitute teacher coverage when a special education teacher was absent. The District will conduct the meeting in accordance with the Section 504 procedural requirements of 34 C.F.R. § 104.35 (evaluation and placement) and § 104.36 (procedural safeguards). The District will ensure that accurate meeting minutes are kept in order to document this meeting, including documenting information considered from all sources and decisions made by the team.

   If an educational loss is found, the group will develop a plan for providing timely compensatory and/or remedial services. If the District determines that no compensatory services will be provided, the District will provide to OCR a written explanation of the reasons for that determination, along with any supporting documentation.

   The District will submit to OCR documentation regarding the decision whether to grant compensatory education or not to ensure that the District met the procedural requirements of the regulation implementing Section 504, at 34 C.F.R. §§ 104.34, 104.35 and 104.36, in

Page 3 – OCR Complaint No. 03-19-1245
Jefferson County Public Schools

making these determinations, and OCR will notify the District when it has completed this review[1].

Reporting Requirement:

a) Within 14 days of completing each ARC meeting required by Action Step 3, the District will submit the information to OCR. Once OCR has determined that the Section 504 procedural requirements were met in making the determination(s) under Action Step 3, OCR will notify the District and the District will take steps to implement the compensatory services and remedial measures, if any, agreed upon by the ARC team.

b) By September 30, 2021, the District will provide OCR written confirmation that the compensatory education services were provided, as agreed upon. This information may be provided individually upon completion for each student, or in summative form once all students have received it.

4. Within 30 school days from the start of the 2020-2021 school year, the School will develop a school-wide plan and will train all staff during their annual staff orientation on the procedure that will be implemented whenever a substitute teacher or a classroom teacher (other than the assigned teacher) is teaching or covering a class at the School. The procedure will stipulate that all substitute teachers and/or classroom teachers covering another class will be either provided with a copy of all applicable students' Individualized Educational Plans (IEP) and/or Section 504 plans or the provisions and/or services to be implemented in that particular class. The procedure will also indicate, how, when, and from whom the plans will be provided to the above-mentioned teachers and who to contact if there are questions about implementation of provisions and/or services.

Reporting Requirement: Within 14 days of the completion of Action Step 4, the District will submit to OCR a copy of the procedure referenced in Action Step 4 as well as documentation demonstrating that all educational staff and administrators at the School were notified and provided a copy of the procedure.

---

[1] Except in extraordinary circumstances, OCR does not typically substitute its judgment for the decisions made by an IEP or Section 504 team that is properly constituted and that takes appropriate actions in light of the requirements of due process. In the event that the IEP or Section 504 team proposes compensatory services or remedial actions *and* those actions are clearly insufficient to provide equitable relief to the Student, OCR will notify the District of its concerns, and the District will consider and respond to any feedback from OCR with respect to the proposed compensatory services or remedial measures.

Page 4 – OCR Complaint No. 03-19-1245
Jefferson County Public Schools

Staff Training

5. Within 60 school days from the start of the 2020-2021 school year, the District will provide training[2] to all education staff and administrators at the School on Section 504. Specifically, the training will focus on the obligation to: provide a FAPE to each qualified student with a disability and specifically, implement the provisions in students' Section 504 Plans and Individualized Education Programs (IEP); ensure that parents/guardians are given timely and written notice of Section 504 and IEP meetings; and to conduct evaluations and make placement determinations in an appropriate and timely manner.

Reporting Requirement: Within 30 days of the completion of the training required by Action Step 5, the District will provide OCR a written description of the training provided; the attendance sheet(s) for the training; the name, title, and qualifications of the training source who provided the training; the method for the training (in person or online); and copies of any materials used during the training.

The District understands that by signing this Agreement, it agrees to provide data and other information in a timely manner in accordance with the reporting requirements in this Agreement. Further, the District understands that during the monitoring of this Agreement, OCR may visit the District, interview staff and students, and request such additional reports or data as are necessary for OCR to determine whether the District has fulfilled the terms of this Agreement. Upon completion of the obligations under this Agreement, OCR shall close and dismiss this case.

The District understands and acknowledges that OCR may initiate administrative enforcement or judicial proceedings to enforce the specific terms and obligations of this Agreement. Before initiating administrative enforcement (34 C.F.R. §§ 100.9, 100.10) or judicial proceedings to enforce this Agreement, OCR shall give the District written notice of the alleged breach and sixty (60) calendar days to cure the alleged breach.

This Agreement will become effective immediately upon the signature of the District's Superintendent or designated representative, below.

By: _____    Date: 7/29/2020
Superintendent or designee

---

[2] This training may be provided in-person or remotely.

